UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LELAND J. CORNELOUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01346-WTL-DLP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255,
Denying Motion for a Reduced Sentence under 18 U.S.C. § 3582,
and Denying a Certificate of Appealability**

## I. Section 2255 Motion

For the reasons explained in this Order, the motion of Leland J. Cornelous for relief pursuant to 28 U.S.C. § 2255 must be **denied** and this action **dismissed**. In addition, the Court finds that a certificate of appealability should not issue.

Mr. Cornelous initially filed a motion for relief pursuant to 28 U.S.C. § 2255 arguing that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence was unconstitutional. Dkt. No. 2. Mr. Cornelous later amended his § 2255 motion to acknowledge that he was not entitled to relief under *Johnson* or *Dean v. United States*, 137 S. Ct. 1170 (2017). Dkt. No. 10 at 1. Rather, Mr. Cornelous argued that his charge for armed bank robbery was illegal because he used a toy gun when robbing a bank, and not a firearm or a dangerous weapon. In response, the United States argues that Mr. Cornelous' § 2555 motion is untimely, without merit, and should be dismissed. Dkt. No. 19. Mr. Cornelous did not file a reply, and the time to do so has passed.

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). That period runs from:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States*, 537 U.S. 522, 527 (2003).

Mr. Cornelous' judgment of conviction was entered on the clerk's docket on February 2, 2005. *United States v. Cornelous*, 1:04-cr-00094-WTL-DKL-1, (S.D. Ind.) (hereinafter "Crim. Dkt."), Dkt. No. 1 at 4. Mr. Cornelous did not appeal. His conviction therefore became final on the last day he could have filed a notice of appeal, February 16, 2005. *See* Fed. R. App. P. 4(b)(1)(A)(i) (defendant's notice of appeal must be filed within 14 days after the entry of the judgment). The last day he could have filed a timely § 2255 motion was one year later, February 16, 2006. Instead, Mr. Cornelous filed his § 2255 motion on July 19, 2016, more than ten years too late. Mr. Cornelous has presented no argument to support the equitable tolling of this statute of limitations.

Under these circumstances, the habeas petition is now **dismissed** as untimely. Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:04-cr-00094-WTL-DKL-1.** The motion to vacate (Crim. Dkt. 6) shall also be **terminated** in the underlying criminal action.

## II. Section 3582 Motion

Mr. Cornelous has asserted that he is entitled to early release under 18 U.S.C. § 3582 because his mother has blood cancer and requested a "compassionate release" by means of a one-year reduction in his sentence. Dkt. No. 10 at 2-3.

District courts are strictly limited in their ability to modify sentences. As a general matter, "court[s] may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). There are only three narrow exceptions to this rule: a court can modify a term of imprisonment (1) upon motion of the Bureau of Prisons; (2) when expressly permitted by statute; or (3) when the applicable sentencing range of the U.S. Sentencing Guidelines has been amended and made retroactive. *See* 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2).

None of these exceptions is applicable to the facts of his case. The BOP has not filed a motion requesting a sentence reduction for Mr. Cornelous, nor has Mr. Cornelous identified any applicable statute or retroactive amendment to the Sentencing Guidelines. In short, Mr. Cornelous has identified no basis for which the Court can reduce his sentence. Accordingly, his motion to reduce sentence under 18 U.S.C. § 3582 is **denied**.

## III. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Cornelous has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 10/26/18

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

LELAND J. CORNELOUS
26536-048
MILAN - FCI
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov